**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **TROY GOODMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:06-00523 |
| | ) | |
| **THOMAS MCBRIDE, WARDEN,** | ) | |
| **JIM RUBENSTEIN, COMMISSIONER,** | ) | |
| **ANNE THOMAS, UNIT MANAGER,** | ) | |
| **SHAWN EVANS, UNIT MEMBER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Motion to Amend. (Doc. Nos. 1 and 6.) By Order filed on July 13, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition. (Doc. No. 5.)

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). From the record available to the Court, it clearly appears that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned has determined that Plaintiff's Complaint in this case

should be summarily dismissed.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2006, Plaintiff, acting *pro se* and an inmate at Mount Olive Correctional Complex, filed his Complaint in this matter and an Application to Proceed Without Prepayment of Fees.[2] (Doc. Nos. 1 and 3.) Plaintiff alleges that he was wrongfully removed from his work assignment which he has held for the last eight and half years. Plaintiff alleges that on November 17, 2005, Defendant Evans told him that prison policy and procedure had changed which required him to be assigned to a different job with less pay as a result of him being housed in a different area of the prison. Plaintiff alleges that he refused the new work assignment and as a consequence he was terminated from his current work assignment. Plaintiff alleges that on January 13, 2006, he learned that Defendant Evans was incorrect and that his job contract should have been "grandfathered" in when he was forced to move to a different area of the prison. Plaintiff further alleges that Defendant Evans attempted to bribe him by offering him a single cell as well as his original work assignment if he enrolled in the R.S.A.T. program. Plaintiff names the following individuals as Defendants: Thomas McBride, Warden; Jim Rubenstein, Commissioner; Ann Thomas, Unit Manager; and Shawn Evans, Unit Member. Plaintiff is seeking monetary damages and requests that the Court restore him to his work assignment.

---

[1] The undersigned notes that it is unclear from the documents of record whether Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act [PLRA]. See 42 U.S.C. § 1997e(a)(1996). Nevertheless, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On November 29, 2006, Plaintiff filed a letter addressed to the Clerk of this Court which was designated as a "Motion to Amend." (Doc. No. 6.)  Plaintiff states that he attempted to raise the same issues which he has presented in his instant Complaint to the Circuit Court of Fayette County by filing a petition for writ of *habeas corpus*.  By Order filed on November 16, 2006, which Plaintiff attaches to his Motion to Amend, the Circuit Court of Fayette County dismissed Plaintiff's petition for writ of *habeas corpus*.  Plaintiff indicates in his Motion to Amend that he is dissatisfied with the Circuit Court of Fayette County's decision to dismiss his petition for writ of *habeas corpus* and again reiterates that he is upset that Defendant Evans attempted to bribe him by offering him a single cell and job contract for "something of value."

## ANALYSIS

A claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  Plaintiff is unable to satisfy the first essential element required to sustain a § 1983 claim because he is unable to establish that his constitutional rights have been violated.

Although the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined are significantly reduced for the period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).  The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of all liberty interests." Id.  Such

interests, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to a protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(internal citations omitted).

In the instant matter, construing Plaintiff's allegations liberally, Plaintiff alleges that his constitutional rights have been violated because he was removed from his work assignment and placed in a double-cell. It is well settled that prisoners have no constitutionally protected right to any particular work assignment. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978)(per curiam)("[T]he classifications and work assignments of prisoners . . . are matters of prison administration, within the discretion of the prison administrators...."); Bulgar v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)(noting that "courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest"); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986)(per curiam)(prisoners have no constitutional liberty or property interest in prison employment); Adams v. James, 784 F.2d 1077-1079 (11th Cir. 1986)(prisoners have no constitutional right to maintain a particular job).

Likewise, it is well settled that the practice of double-celling inmates, standing alone, does not constitute a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 350, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981); Bell v. Wolfish, 441 U.S. 520, 541-44, 99 S.Ct. 1861, 1875-77, 60 L.Ed.2d 447 (1979). However, when the practice of double-celling inmates is combined with other adverse conditions, double-celling may create an Eighth Amendment violation. Id.; see also

Wilson v. Seiter, 501 U.S. 294, 304, 11 S.Ct. 2321, 2327, 115 L.Ed.2d 221 (1991)("*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need . . . ."). In this case, Plaintiff does not suggest that he suffered anything more than mere discomfort as a result of being placed in a double-cell.

To the extent that Plaintiff has stated a claim for retaliation for not enrolling in the R.S.A.T. program, Plaintiff must establish "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As indicated above, Plaintiff has no constitutional right to any particular work assignment or to a single-cell. Accordingly, Plaintiff's claim for retaliation should be dismissed.

Finally, although it is not particularly clear, Plaintiff seems to allege that he was treated differently than other inmates who were transferred within the prison facility. Plaintiff indicates that another prisoner threatened to quit his job if he was double-bunked and because prison officials needed the prisoner to continue working the particular job assignment, the prisoner was allowed to remain in a single-cell. Construing Plaintiff's allegations liberally, Plaintiff appears to claim that his equal protection rights were violated. Viable equal protection claims are based upon allegations that similarly situated individuals are treated without a rational relationship to a legitimate governmental purpose. In order to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff. Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005). Plaintiff's allegation that another prisoner was allowed to remain in a single-cell when the prisoner threatened

5

to quit his particular work assignment does not state a cognizable equal protection claim. Plaintiff does not allege that prison officials acted with a discriminatory motive in removing him from his particular work assignment. Rather, it appears that prison officials had a legitimate interest in doing so as he was being transferred to another portion of the prison. Accordingly, the alleged circumstances do not present sufficient grounds for relief under 42 U.S.C. § 1983.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. No. 1), **DENY** Plaintiff's Motion to Amend (Doc. No. 6), **DISMISS** this case with prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

    The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se*.

    DATE: April 18, 2007.

R. Clarke VanDervort
United States Magistrate Judge