IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TROY GOODMAN,

                Plaintiff,

v.                                                  CIVIL ACTION NO. 5:06-cv-00523

THOMAS MCBRIDE, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Troy Goodman, *pro se*, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when prison officials moved him from a single cell to a double-bunk cell and terminated his job as prison janitor, a position that he held for more than eight years. On June 27, 2006, this Court referred Plaintiff's Complaint [Docket No. 1] to Magistrate Judge VanDervort for proposed findings of fact and a recommendation ("PF&R") [Docket No. 4]. On April 18, 2007, Magistrate Judge VanDervort issued a PF&R recommending the denial of Plaintiff's Motion to Amend his Complaint and the dismissal of Plaintiff's civil action with prejudice [Docket Nos. 1 and 6]. The Court adopts Magistrate Judge VanDervort's recommendations.

On November 17, 2005, Plaintiff was informed by Shaw Evans, a Unit Manager at the Mount Olive Correctional Facility, that prison protocol required that he reassign Plaintiff's janitor duties because Plaintiff had been relocated to a different wing within Elm House, Plaintiff's housing unit. Plaintiff asserts that he refused the reassignment because his janitorial wages would be reduced by

approximately $10.00 per month if he was required to sign a new job contract. Plaintiff refused to sign the new job contract, and was terminated.

Judge VanDervort's PF&R concludes that Plaintiff's Complaint fails to assert a colorable § 1983 claim because Plaintiff's allegations failed to amount to a deprivation of a viable constitutional right. Specifically, Plaintiff cannot demonstrate that he had a protected property or liberty interest in his original job contract or in his single bunk cell. It is well settled that federal courts do not occupy "the role of super wardens of state penal institutions" and "do not sit to supervise state prisons." Alitzer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) (internal citations omitted). "In particular, the classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators . . . ." Id. A long-term job assignment does not invest an inmate with a property interest in his or her continuation under that same job assignment. See id.; see also Adams v. James, 784 F.2d 1077-1079 (4th Cir. 1986) (prisoners have no constitutional right to maintain a particular job). The Constitution does not "in and of itself protect a duly convicted prisoner against a change of status." Adams, 784 F.2d at 1079 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)).

Magistrate Judge VanDervort also recommends the denial of Plaintiff's Motion to Amend his Complaint [Docket No. 6] because Plaintiff's additional allegations do not amount to a viable constitutional claim. See Sciolino v. Newport News, Va., 480 F.3d 642, 651 (4th Cir. 2007) (denial of leave to amend complaint appropriate where proposed claim is futile). Specifically, Plaintiff seeks to amend his complaint to allege that Mr. Evans admitted he was wrong and offered to switch Plaintiff to a single cell and restore his original job contact if Plaintiff would enroll in the Resident Substance Abuse Treatment program [Docket No. No. 8 p.1 ¶ 1].

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff filed objections to the Magistrate Judge's PF&R on April 24, 2007. [Docket 15]. Specifically, Plaintiff argues that the termination of his existing job contract was unlawful because Ms. Payne, a Unit Leader employed by the Mount Olive Correctional Facility, explained to her Unit Manager, Ann Thomas, that Mr. Evans made a mistake when he asked Plaintiff to sign a new job contract. [Docket No. 15 p.1 ¶ 3]. As a preliminary matter, Plaintiff has failed to allege that the job contract he signed with the prison provides for a specific term of employment or removes him from a standard at-will employment scenario.

Despite Plaintiff's assertion that he possesses a property interest in the accumulation of his experience as a janitor -- i.e., his seniority, which resulted in a higher rate of pay - an inmate's job assignment and reassignment remains the prerogative of prison administrators. See Bulgar v. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (noting that courts of appeals have consistently held that an inmate's expectation of keeping a specific job does not implicate an inmate's protected property interest). "[T]he general rule followed by a large majority of the courts which have considered the issue . . . is [that] prison inmates do not have any unqualified right to work in a

particular job, that they have no seniority rights or job security, that they have no right to receive any attendant benefits from working, and that such rights as may exist can be restricted by rules stemming from valid penological concerns such as security and order." Michael B. Mushlin, 1 Rights of Prisoners, 328-331 (2d ed. 1993). Thus, Plaintiff has no protected interest in maintaining his pay rate of $55.00 per month because his pay rate, by his own admission, was the direct result of the length of time he maintained his job assignment. If an inmate has no constitutionally protected interest in maintaining a particular job assignment, then, *a fortiori*, he has no constitutionally protected interest in any benefit that may stem from maintaining a particular job assignment. Simply put, neither inmate job security nor inmate job seniority are constitutionally protected property interests. See Adams, 784 F.2d at 1079.

There is a limited exception to this general rule, however, which prohibits a prison official from basing an inmate's job assignment on certain unlawful criteria, such as the inmate's race, religion, or age. Id. at 331; see Bentley v. Beck, 625 F.2d 70, 71 (5th Cir. 1980) (prisoner's constitutional rights violated where prisoner was denied a job assignment in the prison kitchen because of race ). Plaintiff has not alleged that Mr. Evan's decision to request a new job contract was motivated by any other reason than Plaintiff's cell relocation.

As a general matter, these legal propositions apply to the un-incarcerated individual. An employer is free to reassign, demote or terminate an at-will employee unless the plaintiff can demonstrate that the employer's decision to do so was based on some unlawful motive, usually discriminatory in nature, which would deprive the employee of constitutionally protected interests or violate statutory law. Plaintiff has made no such allegations here. A routine change in a

prisoner's job assignment does not enable an inmate to state a claim in federal court.[1] See Altizer, 569 F.2d at 813.

In addition, Plaintiff has no constitutionally protected interest in a single bunk cell. Rhodes v. Chapman, 452 U.S. 337, 350 (1981) (double-celling inmates, standing alone, does not amount to a constitutional violation). Here, Plaintiff does not allege that his new cell assignment caused anything more than discomfort and deprivation of privacy.

In addition, Plaintiff treats Ms. Thomas' commentary about Mr. Evan's actions as an admission of liability. Even if true, however, this allegations would not amount to a deprivation of Plaintiff's constitutional rights. See Bulgar, 65 F.3d at 50. The Court adopts Magistrate Judge VanDervort's recommendations because Plaintiff has failed to allege a viable constitutional claim in his Complaint, and has failed to raise a valid proposed constitutional claim in his Motion to Amend his Complaint. See Sciolino v. Newport News, Va., 480 F.3d 642, 651 (4th Cir. 2007) (denial of leave to amend complaint appropriate where proposed claim is futile).

---

[1] The Court notes that Plaintiff has neither alleged a breach of contract claim, nor has he asserted that the job contract provided a greater degree of job security or job seniority than that which is available to him under § 1983 or under an at-will employment scenario. The Court also notes that Plaintiff did not provide a copy of the alleged job contract.

Accordingly, the Court hereby: 1) **DENIES** Plaintiff's Motion to Amend [Docket No. 6]; 2) **DISMISSES** Plaintiff's Complaint [Docket No. 1] with prejudice; and 3) **DIRECTS** the Clerk to remove this action from the Court's active docket. The Clerk is further directed to provide a copy of this Order to all counsel of record, the Plaintiff, *pro se*, and Magistrate Judge VanDervort.

ENTER:   June 22, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE